UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW JOHN LAUGHRIN,**
   **Petitioner,**

 v.               Case No. 13-CV-1254

**MARC CLEMENTS, Warden,**
**Fox Lake Correctional Institution,**
   **Respondent.**

---

## DECISION AND ORDER

Matthew Laughrin is a Wisconsin prisoner representing himself. He brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging ineffective assistance of trial counsel.

### I. BACKGROUND

The underlying facts of Laughrin's case are as follows:

> Laughrin was charged with numerous counts concerning the tragic death of fifteen-year-old M.K., who died from a drug overdose at Laughrin's home. Laughrin was a drug dealer; M.K. and a friend had come to his house looking to get high. Laughrin sold the girls marijuana, which they smoked at his house. He then gave M.K. a Suboxone pill, which she ingested. After M.K. took the Suboxone pill, neither Laughrin nor M.K.'s friend could revive her. Laughrin responded by taking M.K. from his house to her friend's house and leaving M.K.—unconscious—in the snow in the front yard. Laughrin then drove off, and shortly thereafter M.K. was pronounced dead.

*State v. Laughrin*, No. 2011AP1600–CR, 2012 WL 2094392, ¶ 2 (Wis. Ct. App. June 12, 2012). Laughrin pled guilty to second-degree reckless homicide, possession of THC (marijuana) with intent to deliver, and possession of a non-narcotic controlled substance (Suboxone) with intent to deliver.

1

Before sentencing, Laughrin moved to withdraw his plea on the basis of newly discovered evidence, citing newly acquired expert testimony (then in the form of a report) from Dr. Jeffrey Junig that death from Suboxone is rare. Junig's report stated that Suboxone only presents a risk of death when taken by someone who (1) is not tolerant to opioids and (2) has taken other respiratory depressants, such as a benzodiazepine, to which the person is also not tolerant. The report stated that both were true of M.K. and that other factors, such as her sleep position, may have exacerbated the respiratory depression caused by the drugs she took and contributed to her death. The report characterized M.K.'s "tragic death" as "far from predictable" and the result of "a confluence of several unfortunate events." *Id.* ¶¶ 6–7. Laughrin argued that Junig's report cast doubt on whether he created a substantial risk of death or great bodily harm to M.K. by giving her Suboxone and whether he was aware of the risk, both of which the state must show to prove second-degree reckless homicide in Wisconsin. *See* Wis. Stat. §§ 939.24(1), 940.06. The trial court held a hearing and denied Laughrin's motion to withdraw his plea, finding that Junig's report was "not new evidence, but rather a new theory that utilized information Laughrin already had in his possession" when he pled guilty. *Laughrin*, 2012 WL 2094392, ¶ 8.

After sentencing, Laughrin again moved to withdraw his plea. He alleged that trial counsel, Robin Shellow, provided ineffective assistance at the plea stage by failing to properly investigate and counsel him as to the properties of Suboxone before he pled guilty. He further alleged that Shellow provided ineffective assistance of counsel as to his presentencing motion to withdraw his guilty plea by failing to either (1) raise her own ineffectiveness as a basis for allowing him to withdraw his plea or (2) withdraw as

2

counsel so as to allow him to raise her ineffectiveness himself. The trial court denied Laughrin's motion without a hearing. Laughrin appealed, the Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied review.

## II. ANALYSIS

Laughrin filed this petition for a writ of habeas corpus, presenting the same claims that he raised on direct appeal to the Wisconsin Court of Appeals. Most of his claims—*e.g.*, that he should have been permitted to withdraw his guilty plea based on new evidence and that the trial court should have held an evidentiary hearing on his postconviction motion—were argued and decided there on the basis of state law. Claims based on state law are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). However, because Laughrin brings this petition *pro se*, I must give his claims a liberal construction. *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004). I find that Laughrin has presented cognizable claims for federal habeas relief based on ineffective assistance of trial counsel and will consider the same alleged errors he raised in the state courts.

To establish ineffective assistance of counsel, a petitioner must show that his lawyer performed deficiently and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To establish deficient performance, a petitioner must demonstrate that his lawyer's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Wisconsin Court of Appeals adjudicated Laughrin's ineffective-assistance claims on the merits, so my review of Laughrin's claims is limited. Federal courts cannot grant habeas relief to state prisoners on any claim that has already been adjudicated on the merits by a state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1)–(2). First, the decision of the Wisconsin Court of Appeals was not "contrary to" clearly established law because it identified and applied the correct legal standard for evaluating ineffective assistance of counsel claims, *Strickland*. *Hinesley v. Knight*, No. 15-2122, 2016 WL 4758437, at *7 (7th Cir. Sept. 13, 2016) (first citing *Bell v. Cone*, 543 U.S. 447, 452–53 (2005) (per curiam); and then citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Second, Laughrin does not challenge the factual determinations of the state court, so I need not consider whether the state court's determination of the facts in light of the evidence presented was unreasonable. Therefore, I consider only whether the Wisconsin Court of Appeals unreasonably applied *Strickland*.

To show that a state court decision involved an unreasonable application of clearly established federal law, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This is a

4

difficult standard for a habeas petitioner to meet "because it was meant to be." *Id.* at 102. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

This standard is particularly difficult to meet as to ineffective-assistance claims. "The standards created by *Strickland* and §2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* at 105 (citations omitted) (first quoting *Strickland*, 466 U.S. at 689; then citing *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); and then quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2008)). Further, *Strickland*'s general standard allows for a substantial range of reasonable applications. *Id.* (citing *Knowles*, 556 U.S. at 123). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### A. Failure to Investigate

Laughrin argues that Shellow erred by not properly investigating and counseling him as to the properties of Suboxone before he pled guilty. The United States Court of Appeals for the Seventh Circuit, discussing Supreme Court precedent, has provided clear guidance as to how to approach a *Strickland* claim alleging such an error by counsel:

> Our first question is whether single oversights by counsel violate the sixth amendment. The answer is no. The Supreme Court insists that judges must not examine a lawyer's error (of omission or commission) in isolation. It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one, but whether the

5

> defendant had the "counsel" of which the sixth amendment speaks. The Court has allowed for the possibility that a single error may suffice "if that error is sufficiently egregious and prejudicial." Lest this exception swallow the rule, however, we must take the Justices at their word and search for an "egregious" error—an omission of something obviously better (in light of what was known at the time) than the line of defense that counsel pursued.

*Williams v. Lemmon*, 557 F.3d 534, 538 (7th Cir. 2009) (per curiam) (citations omitted) (first citing *Strickland*, 466 U.S. at 690–96; and then quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Although Laughrin alleges multiple errors by counsel, they all stem from Shellow's alleged failure to investigate, so I consider the state court's decision as to that error first and foremost.

The analysis and decision of the Wisconsin Court of Appeals is consistent with the Seventh Circuit's guidance. First, the court examined Shellow's work on the case and found that she "properly investigate[d] M.K.'s cause of death" and that she "diligently sought any and all evidence that would support Laughrin's defense." *Laughrin*, 2012 WL 2094392, ¶¶ 19–20. Second, the court examined Junig's report and found that it "is inconclusive regarding the cause of M.K.'s death" and that "[w]hile the report . . . stated that it was possible that other factors . . . also contributed to M.K.'s death, it most certainly did not conclude that Suboxone did *not* cause it." *Id.* ¶ 21. In effect, the court held that Shellow's error during the course of her otherwise diligent representation of Laughrin, if she made one, was not egregious enough to render her assistance constitutionally ineffective because the information she failed to obtain prior to Laughrin's plea was inconclusive, at best.

Laughrin argues only that Shellow stated in open court that she made a mistake by not more thoroughly investigating the properties of Suboxone before he pled guilty

6

and, therefore, that she admitted her own ineffectiveness. First, even if Shellow did err and admitted her error, that is not enough to conclusively show ineffective assistance of counsel. Defendants are not entitled to "error-free" counsel, and a single error does not usually render counsel constitutionally ineffective. *See Williams*, 557 F.3d at 538. Second, while an admission of error by counsel may be informative, it is ultimately the role of the courts to determine whether counsel provided ineffective assistance. The Wisconsin Court of Appeals determined that Shellow did not provide ineffective assistance in failing to investigate the properties of Suboxone before Laughrin pled guilty, and Laughrin has not provided any basis for finding that decision unreasonable.

**B. Failure to Raise Ineffective Assistance of Counsel**

Laughrin argues that Shellow erred in failing to raise her own ineffectiveness as a basis for allowing him to withdraw his guilty plea. The Wisconsin Court of Appeals decided against Laughrin as to this alleged error purely on the basis of prejudice.

To show prejudice under these circumstances, Laughrin must show that there is a reasonable probability that, if Shellow had raised her own ineffectiveness, the trial court would have granted his motion to withdraw his guilty plea. Laughrin cannot make such a showing. Shellow argued at length at Laughrin's hearing to withdraw his guilty plea that the plea resulted from her error. The trial court dismissed Shellow's admissions of fault:

> She . . . puts herself forward as making a mistake and giving bad advice. I don't even think that is the case.
> That's not before me today in terms of any kind of potential ineffective claim or something along those lines, but I have no doubt that Miss Shellow gave good advice based on the knowledge she had at the time and that the plea was discussed in a way that was appropriate and it was complete and from a constitutional standpoint was done.

7

Mot. Hr'g, ECF No. 9-8, at 47–48. This strongly suggests that the trial court would not have responded any differently to Laughrin's motion had Shellow formally raised her own ineffectiveness, and Laughrin presents no basis for finding otherwise. Therefore, I cannot find that Laughrin was prejudiced by Shellow's alleged error or that the state court's decision as to this claim was unreasonable.

**C. Failure to Withdraw as Counsel**

Finally, Laughrin argues that Shellow erred in failing to withdraw as counsel, which would have allowed him to raise her ineffectiveness as a basis for allowing him to withdraw his guilty plea. As to this alleged error, the Wisconsin Court of Appeals simply said, "[B]ecause counsel did not provide ineffective assistance . . . trial counsel had no need to withdraw from the case." I take this to mean that the state court held that Shellow did not perform deficiently in not withdrawing because she was not obligated to under the circumstances and, therefore, that the state court decided against Laughrin as to this alleged error purely on the basis of deficient performance. I think this claim better decided on the basis of prejudice and consider that *Strickland* prong *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766 (7th Cir. 2015). As with Shellow's alleged failure to raise her own ineffectiveness, Laughrin has not shown a reasonable probability that, had she withdrawn, the trial court would have granted his motion to withdraw his guilty plea. Therefore, I find that Laughrin has not shown that he was prejudiced by Shellow's failure to withdraw.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Laughrin's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of

the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge